Alexander S. Chang (#18879)
**SOLLEX LEGAL, L3C**
1393 E. Arlington Dr.,
Salt Lake City, UT 84103-4423
Phone: +1 (801) 896.1457
Email: Alexander@utahlaw.ai

*Attorneys for Doe Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JANE DOE No. 1 et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS SCHOOL DISTRICT et al.,<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Case No. 1:26-cv-00210-DAK<br><br>Judge Dale A. Kimball |

Before the Court is the Motion of Plaintiffs Jane Doe No. 1 and Jane Doe No. 2 for leave to prosecute this action under the pseudonyms used in the Complaint and for an order directing that all parties redact Plaintiffs' legal names from the public docket. (ECF 2.) The Court has considered the Motion, the Complaint, and the governing law. For the reasons that follow, the Motion is **GRANTED**.

///

///

///

///

///

## INTRODUCTION

The injury Plaintiffs ask this Court to redress is the public association of their names with sexually explicit images of their own bodies as children. A public docket bearing those names would inflict that same injury again, this time under the authority of a federal court, and would extend it from a single high school's social network to anyone with an internet connection, for the rest of Plaintiffs' lives. That fact controls this Motion and sets it apart from the ordinary request for anonymity.

The Tenth Circuit permits a plaintiff to proceed pseudonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). Each of those grounds is independently satisfied here, and the relief Plaintiffs propose withholds from the public only one fact in which it has no legitimate interest: the names of children depicted in child sexual abuse material. Defendants already know who Plaintiffs are, will receive their legal names under the local rules, and will defend this action without limitation.

## FACTUAL BACKGROUND

The Court draws the following facts from the Complaint and Motion and accepts them as alleged for purposes of this Motion only.

1. Jane Doe No. 1 was a student at Syracuse High School in the Davis School District. Nude images of her were created when she was fourteen years old, during a period of severe mental-health crisis. (Compl. ¶¶ 4, 8.)

2. In October 2023, when she was seventeen, a classmate discovered those images in a private Snapchat group called "Demon Time," which male students operated to collect and circulate nude images of female students without their knowledge or consent. (Compl. ¶¶ 57–58, 102–104.)

3. After reporting the issue to the school, boys called Jane Doe No. 1 a "snitch," discussed her body within earshot in class, told her that "everyone's seen" her images, and lined up at the school's two exits to make derogatory comments as she left. (Compl. ¶¶ 134–139.)

4. The perpetrators posted a video calling her a "snake" and a "rat" in apparent retaliation. (Compl. ¶¶ 86–87, 236.)

5. The perpetrators allegedly chased reporting victims through a Smith's Marketplace. (Compl. ¶ 177.)

6. Jane Doe No. 2 now flees when she encounters any of them in public because she does not know "what they're capable of," and her anxiety has been "at an all-time high" as these events have resurfaced in connection with this litigation. (Compl. ¶ 238.)

7. After pre-litigation demand letters were sent to the school administration, one of the CSAM Perpetrator Defendants confronted her on a busy street, yelled profanities, and made obscene gestures. (Mot. at 3.)

## LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure ordinarily requires that the complaint name all parties, and pseudonymous litigation "has no explicit sanction in the federal rules." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). The Supreme Court has nonetheless "given the practice implicit recognition," *id.*, and the Tenth Circuit permits a plaintiff

to proceed anonymously "in those exceptional cases involving matters of a highly sensitive and personal nature, real danger or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Pseudonymity is "to be allowed only where there is an important privacy interest to be recognized," and the Court weighs "the public interest against the plaintiff's claimed right to privacy." *Doe v. Regents of the Univ. of Colo.*, 603 F. Supp. 3d 1014, 1018–19 (D. Colo. 2022). In this District, a party proceeding under a pseudonym must contemporaneously file under seal a Notice of Intention to Proceed Under a Pseudonym—Full Names. DUCivR 10-2(a)(1)(B).

## ANALYSIS

### A. This case involves matters of a highly sensitive and personal nature.

The first *Zavaras* ground is satisfied on the face of the Complaint. The subject of this action is the creation, possession, and distribution of sexually explicit images of Plaintiffs made when they were children, conduct that federal law classifies as child sexual abuse material and for which Congress has created a dedicated civil remedy. 18 U.S.C. §§ 2251, 2252, 2252A, 2255. Courts have historically reserved pseudonymity for matters such as abortion, birth control, and the parentage of children, *Lindsey*, 592 F.2d at 1125, because those matters implicate intimate facts about a person's body and sexuality that, once published, cannot be withdrawn. The sexual exploitation of a child lies at the center of that category. The Complaint further pleads, as elements of damages, suicidal ideation, self-harm, and specialized trauma therapy. (Compl. ¶¶ 228–229, 237–239.) A plaintiff's mental-health history, sexual history, and status as a child victim of sexual exploitation are each sensitive in their own right; this case presents all three.

Federal policy already treats this information as presumptively private. Rule 5.2(a) directs that filings identify a minor only by initials, and Congress requires that documents disclosing the name of a child victim in criminal proceedings be filed under seal. 18 U.S.C. § 3509(d)(2). Those provisions express a judgment that the name of a sexually exploited child is not public information. That Plaintiffs have since reached adulthood does not alter the analysis. The images themselves depict children today and will remain so; it is the age of the person depicted, not the age of the person reading the docket, that defines the harm.

**B. <u>Disclosure of Plaintiffs' names would inflict the very injury sued upon.</u>**

The third *Zavaras* ground applies with unusual force because the disclosure and the injury are one and the same. Plaintiffs sue because their classmates linked their names and faces to sexually explicit imagery and broadcast that link to the Syracuse High School community. (Compl. ¶¶ 1, 60, 64, 87.) The Complaint alleges that image-based sexual abuse inflicts a distinct and compounding harm, a "permanent fear that the images could resurface at any time." (Compl. ¶¶ 31–32.) A public court filing bearing Plaintiffs' names would be the most durable, searchable, and authoritative record imaginable connecting those names to those images, retrievable by any future employer, acquaintance, or stranger indefinitely. Where the original harm reached one school, the public docket would reach the world.

The Complaint also alleges that Jane Doe No. 2's anxiety has reached "an all-time high" because these events have "resurfaced in connection with this litigation," and that both Plaintiffs will require continuing psychological treatment. (Compl. ¶¶ 232, 238, 241.) The Court will not require Plaintiffs to aggravate a compensable injury as the price of seeking compensation for it.

**C. <u>Plaintiffs face a real danger of retaliation.</u>**

The second *Zavaras* ground is independently satisfied. This Motion sufficiently alleges a cognizable possibility of retaliation. Jane Doe No. 2's October 14, 2023 report was answered within two days by a video branding her a "snake" and a "rat" and by a sexualized composite image. (Compl. ¶¶ 86–88.) Her subsequent reports were answered by taunts in class, shouts in hallways, and Defendant Shaw's real-time surveillance texts. (Compl. ¶¶ 149–152.) Jane Doe No. 1's report was answered by boys stationed at the school's exits and by a classmate announcing that "everyone's seen" her images. (Compl. ¶¶ 138–139.) Reporting victims were chased through a grocery store. (Compl. ¶ 177.) The Motion further alleges that one of the CSAM Perpetrator Defendants publicly confronted Jane Doe No. 2 with profanities and obscene gestures after pre-litigation demand letters were sent. (Mot. at 3.)

The pattern alleged by Plaintiffs is one where perpetrators punish girls who speak through public humiliation, and they do so through any channels that remain open.

**D. <u>The public interest and Defendants' interests are fully protected.</u>**

The Court is mindful of the presumption that civil litigation proceeds in public and of the legitimate concerns underlying Rule 10(a): the public's interest in knowing who invokes the power of the federal courts, and a defendant's interest in not answering an unknown accuser. Those concerns carry real weight in the general case. They carry little here.

The public's interest in open proceedings is an interest in the substance of litigation. That interest is fully served. Every allegation, brief, order, and judgment in this case will remain public. The public will learn whether defendant Davis School District failed its students; it will not learn the names of the students allegedly failed, and it has no cognizable interest in that information.

The balance *Regents* directs the Court to strike is between a weighty privacy interest and a public interest already satisfied by the openness of everything else.

Defendants will suffer no prejudice. The District received Plaintiffs' identified, written reports through a system that required them to log in with their student accounts; the individual administrator Defendants interacted with Plaintiffs personally; and the CSAM Perpetrator Defendants possessed and distributed Plaintiffs' images and know whose images they were. (Compl. ¶¶ 112–113, 191, 221.) Plaintiffs will, in any event, disclose their legal names to Defendants' counsel under DUCivR 10-2 and will submit to full discovery, deposition, and cross-examination. The only thing Defendants lose is the ability to publicize the victims' names, which is not a litigation interest.

Nor is the asymmetry between pseudonymous Plaintiffs and named Defendants unfair. The governmental Defendants are public officials sued for official conduct and hold no privacy interest in their identities as public actors. The individual perpetrator Defendants are now adults, (Compl. ¶¶ 15–20), and their names are not linked to sexual images of their own bodies. Plaintiffs have themselves acknowledged the requirement to redact the names of any John Roe Defendants who remain minors when identified, (Compl. ¶ 21 n.3), consistent with Rule 5.2(a). Finally, Plaintiffs are private individuals who did not choose the circumstances making anonymity necessary, (Compl. ¶ 27), not public figures seeking to attack from behind a shield while risking nothing of their own.

Having weighed the public interest against Plaintiffs' privacy interest, the Court concludes that this is the exceptional case *Zavaras* contemplates, on each of its three grounds, and that the narrowly tailored relief proposed costs the public and Defendants nothing of substance.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Proceed Under Pseudonyms (ECF 2) is **GRANTED**.

2. Plaintiffs may prosecute this action under the pseudonyms "Jane Doe No. 1" and "Jane Doe No. 2," and the caption of this action shall continue to identify them by those pseudonyms.

3. Plaintiffs shall, if they have not already done so, file under seal a Notice of Intention to Proceed Under a Pseudonym—Full Names, setting forth the full legal name of each Plaintiff, pursuant to DUCivR 10-2(a)(1)(B). That Notice, and any amendment to it, shall remain under seal unless otherwise ordered by the Court.

4. Plaintiffs shall disclose their legal names to counsel for each Defendant in accordance with DUCivR 10-2. Nothing in this Order limits Defendants' ability to conduct discovery, take depositions, subpoena records, or otherwise defend this action on the merits.

5. All parties, their counsel, and their agents shall redact Plaintiffs' legal names, and any other information that would readily identify Plaintiffs, from every document filed on the public docket in this action. Any document that cannot reasonably be filed without disclosing Plaintiffs' legal names shall be filed under seal, with a redacted version filed publicly.

6. Defendants, their counsel, and their agents shall not publicly disclose Plaintiffs' legal names or otherwise publicly identify Plaintiffs as the Jane Doe Plaintiffs in this action, and shall use Plaintiffs' legal names only as necessary to litigate this case. Nothing in this paragraph prohibits Defendants from disclosing Plaintiffs' identities to witnesses, experts, insurers, or others

to the extent reasonably necessary to defend this action, provided that any such person is informed of and agrees to be bound by this Order.

7. The Clerk of Court shall maintain any filing containing Plaintiffs' legal names under seal consistent with this Order.

8. This Order is without prejudice to any party's right to seek modification upon a showing of changed circumstances, and the Court retains discretion to revisit the terms of this Order at any stage of the proceedings, including trial.

**IT IS SO ORDERED** this 26th day of October 2026.

Dale A. Kimball
United States District Judge